# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY LINDEL FARMER,

        Petitioner,                           Case Number: 2:08-CV-14064

v.                                              HON. LAWRENCE P. ZATKOFF

THOMAS K. BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jeffrey Lindel Farmer has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, and challenges his conviction for armed robbery, Mich. Comp. Laws § 750.529. For the reasons set forth below, the Court denies the petition.

## I.

Petitioner's conviction arises from a robbery which took place on September 9, 2006, at a Rite-Aid in Pontiac, Michigan. Jane Alvarado testified that she was working as a cashier on that date. At approximately 9:30 a.m., a man she identified as Petitioner approached the cash register counter while carrying a beer can. He put the beer can down on the counter and had his hand in his pocket. He handed her a bag and told her to put all the money inside the plastic bag. He kept his hand in his jacket pocket the entire time; it appeared that his hand was around an item in his pocket. He gestured toward his pocket several times and told her that if she did not comply with his request something would happen to her. She believed that he had a gun in his pocket and placed money in

the bag.

Petitioner testified in his own defense. He admitted that he was the individual who approached Alvarado on the day of the robbery and demanded that she put money in a bag. He denied, however, that he was armed with a gun and denied attempting to make Alvarado believe that he had a gun.

**II.**

Following a bench trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery. On January 11, 2007, he was sentenced as a fourth habitual offender to ten to thirty years imprisonment. He filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) verdict was against the great weight of the evidence; and (ii) ineffective assistance of counsel. The Michigan Court of Appeals denied Petitioner's appeal on the merits. *People v. Farmer*, No. 275906 (Mich.Ct.App. Feb. 26, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal. *People v. Farmer,* No. 136155 (Mich. June 23, 2008).

Petitioner then filed this habeas corpus petition. He raises the same claims raised on direct appeal in state court.

**III.**

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)        resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## IV.

### A.

Petitioner first argues that the trial court's verdict was against the great weight of the evidence. A federal court lacks power to grant habeas corpus relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren*, 305 F. Supp.2d 789, 796 (E.D. Mich. Feb. 24, 2004) (*citing Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico*, 261 F. Supp.2d 826, 834 (E.D. Mich. 2003); *Dell v. Straub*, 194 F. Supp.2d 629, 648 (E.D. Mich. 2002)). The appropriate inquiry on federal habeas corpus review is not whether the verdict went against the great weight of the evidence, but whether sufficient evidence was presented

3

to support the conviction. *Dell*, 194 F. Supp.2d at 648. Therefore, the Court construes the petition as asserting a claim that insufficient evidence was presented to support the conviction.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at trial established guilty beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, the elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon. Mich. Comp. Laws § 750.529; *People v. Taylor*, 245 Mich. App. 293, 297 (2001). It was undisputed at trial (and in the habeas petition) that Petitioner

4

committed the robbery. The only question was whether Petitioner was guilty of armed or unarmed robbery. The Michigan Court of Appeals, in deciding Petitioner's great weight of the evidence claim, summarized the evidence supporting a finding of armed robbery as follows:

> According to the victim, defendant had his hand in his jacket pocket so that his hand appeared to be around an object that was pointed at the victim during the robbery, defendant looked up and nodded toward his jacket during the robbery and made threatening statements, telling her to "hurry up" if she knew what was good for her and that she had to stop talking loudly or something would happen to her. This testimony strongly supports a finding that defendant by his oral statements and gestures represented to the victim that he had a gun at the time of the robbery.

*Farmer*, slip op. at 1.

Viewing the facts in the light most favorable to the prosecution, the trial testimony established that Petitioner committed the robbery and that he was armed when doing so. The trial court found the victim's testimony to be credible. The circumstances of the robbery described by the victim would have led the victim to reasonably believe that the item in Petitioner's pocket was a dangerous weapon. Accordingly, Petitioner is not entitled to federal habeas corpus relief on his claim of insufficient evidence to support the conviction.

**B.**

Second, Petitioner argues that counsel was ineffective because he failed to adequately investigate whether there were any additional still photographs depicting Petitioner in the store. Petitioner argues such photographs would have shown Petitioner at the checkout counter with his hands outside his pockets, rather than with one hand in his jacket pocket, as Alvarado testified.

To establish that he received ineffective assistance of counsel, a petitioner must show: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that

5

counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). On habeas review, this Court must review Petitioner's claim "within the more limited assessment of whether the state court's application of *Strickland* to the facts of this case was objectively unreasonable." *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir.2000).

The Michigan Court of Appeals, the last state court to issue a reasoned decision regarding this claim, held, in relevant part:

> To establish a claim of ineffective assistance of counsel a defendant must show that counsel's performance was deficient and a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v. Carbin*, 463 590, 600; 623 N.W.2d 884 (2001).
>
> . . . . Defendant has not provided any affidavit or other evidence to support his claim that trial counsel failed to investigate whether still photographs of defendant at the counter existed or to support a finding of prejudice, *i.e.* evidence that any still photograph that may exist would actually be favorable to defendant. Thus, defendant has failed to meet his burden "of establishing the factual predicate" for his ineffective assistance of counsel claim. *See Carbin, supra.*

*Farmer*, slip op. at 2.

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed

for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). "Pure speculation" about whether the outcome might have been different is insufficient to establish prejudice. *See Baez v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004).

Petitioner's argument raises pure speculation about whether any photographs existed and how they may have impacted Petitioner's trial. Given the absence of any indication, beyond mere speculation, that the photographs would have been favorable to the defense, the Court concludes that the state court did not unreasonably apply the *Strickland* standard in finding that counsel was not ineffective in failing to investigate the existence of photographs. Accordingly, Petitioner is not entitled to federal habeas corpus relief on his ineffective assistance of counsel claim.

## V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the claims do not warrant habeas corpus relief. Therefore, the Court denies a

certificate of appealability.

## VI.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

> s/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated: June 4, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 4, 2010.

> s/Marie E. Verlinde
> Case Manager
> (810) 984-3290